# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILFORD BERNARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CIGNA LIFE AND ACCIDENT CLAIM ) <br> SERVICES, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 17-707 <br><br> Judge Cathy Bissoon |

## ORDER DISMISSING CASE

On June 21, 2017, this Court issued an Order directing Plaintiff to show cause as to why this case should not be dismissed for want of subject matter jurisdiction. (Doc. 6). On July 12, 2017, Plaintiff filed a response to the Show Cause Order, captioned "Motion to Show Cause Why Plaintiff Case Should Not Be Dismissed." (Doc. 7). For the reasons discussed herein, Plaintiff's response to the Court's Show Cause Order fails to demonstrate the existence of subject matter jurisdiction.

Plaintiff first contends that the Court should "consider the supplemental jurisdiction offered under 28 U.S.C. § 1332, and to proceed under diversity of citizenship." (Doc. 7 at ¶ 1). However, the Complaint itself establishes that there is no diversity jurisdiction in this case. Specifically, Plaintiff alleges that he was "incarcerated at the State Correctional Institution[] at Camp Hill, and is now housed at Greene[,] which is located in the Western District of Pennsylvania" (Doc. 5 at ¶ 1); that the address of "Ms. Toni M," the Cigna agent involved in this matter, is in "Pittsburgh, PA" (Doc. 5 at ¶ 2); that Defendant Patricia Patterson resides in the "City of Pittsburgh" (Doc. 5 at ¶ 3); and that Defendant Raymond Bernard's "last known

address" is in "Pittsburgh, PA." (Doc. 5 at ¶ 4). Thus, based on Plaintiff's own allegations, the Court finds that complete diversity of citizenship between the Plaintiff and the Defendants does not exist, and thus the Court cannot exercise jurisdiction under 28 U.S.C. §1332.

Plaintiff further asks that the Court "consider the supplemental jurisdiction under 28 U.S.C. § 1441." (Doc. 7 at ¶ 2). However, this section governs the removal of state actions to federal court by a defendant, and thus is inapplicable here.

Finally, Plaintiff "requests the Court to reconsidered (sic) the subject matter jurisdiction under 28 U.S.C. § 1343(a)(3), with relationship with 42 U.S.C. § 1983; which may be used as jurisdictional basis in 42 U.S.C. § 1983, when only property rights are involved." (Doc. 7 at ¶ 3). However, for the reasons stated in the Court's June 21, 2017 Order, this Court does not have subject matter jurisdiction under either 28 U.S.C. § 1331 or §1343(a)(3) because none of the Defendants—private corporate entity, Cigna Life and Accident Claim Services, and private citizens, Patricia Patterson and Raymond Bernard—are state actors subject to suit under 42 U.S.C. § 1983.

Accordingly, for the reasons stated in the Court's June 21, 2017 Order and herein, this case is hereby DISMISSED WITH PREJUDICE for want of subject matter jurisdiction.

IT IS SO ORDERED.

July 13, 2017             s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via First-Class U.S. mail):

WILFORD BERNARD
MQ-8679
SCI Greene
175 Progress Drive
Waynesburg, PA 15370